**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PEERLESS INDUSTRIES INC., et al., | : | |
| Defendants | : | No. 06-4621 |

MEMORANDUM

PRATTER, DISTRICT JUDGE                                                    JULY 11, 2007

This insurance coverage dispute, filed pursuant to the Declaratory Judgment Act ("DJA"),
28 U.S.C. § 2201, is subject to the Court's jurisdiction under 28 U.S.C. § 1332. The issue at
hand is whether this Court should adjudicate the dispute or dismiss it so that the parties will need
to seek a different forum in which to resolve their disagreements.

Continental Casualty Company ("Continental") initiated this action against Peerless
Industries Inc. ("Peerless") and several insurance companies, seeking a declaratory judgment
adjudicating the rights and duties of the parties under certain insurance policies to defend and/or
indemnify Peerless for various asbestos-related claims. Peerless answered Continental's
Complaint and asserted various cross claims against the defendant insurance companies.
Defendants Century Indemnity Company and International Insurance Company moved to dismiss
this action pursuant to Federal Rule of Civil Procedure 12(b)(6), in which defendant Fireman's
Fund Insurance Company (together with Century Indemnity Company and International
Insurance Company, the "Insurance Defendants") joined (Docket Nos. 16-18).[1]

---

[1] Continental and Peerless both oppose the Insurance Defendants' motion to dismiss (see
Docket Nos. 20-21, 23). Century Indemnity Company and International Insurance Company
filed a reply brief (Docket No. 29), Fireman's Fund Insurance Company filed a reply brief
(Docket No. 30), and Continental filed a surreply brief (Docket No. 31).

**DISCUSSION**

The DJA provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United
> States, upon the filing of an appropriate pleading, may declare the rights and other
> legal relations of any interested party seeking such declaration, whether or not
> further relief is or could be sought.  Any such declaration shall have the force and
> effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis supplied).  A district court's decision to entertain an action filed

under the DJA is discretionary.  See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494

(1942).  A district court may, in its discretion, "stay or dismiss an action seeking a declaratory

judgment before trial or after all arguments have drawn to a close."  Wilton v. Seven Falls Co.,

515 U.S. 277, 288 (1995).   The Supreme Court has stated that, "[i]n the declaratory judgment

context, the normal principle that federal courts should adjudicate claims within their jurisdiction

yields to considerations of practicality and wise judicial administration."  Id.  The Insurance

Defendants ask the Court to dismiss this action as an exercise of this discretionary power.  For

the following reasons, the Court declines to do so at this time.

The Court of Appeals for the Third Circuit has considered the issue of when a district

court should decline to exercise jurisdiction over a declaratory judgment action in the insurance

coverage context.  In State Auto Insurance Cos. v. Summy, 234 F.3d 131 (3d Cir. 2000), the

court of appeals vacated a district court's decision to hear an insurance-coverage dispute while a

parallel state-court proceeding addressing the same issues was pending.[2]  The court of appeals

---

[2] In Summy, a child suffering from lead-paint poisoning sued in state court E&J Rentals,
which owned the property where the child lived.  Summy, 234 F.3d at 131.  When E&J Rentals
asked State Auto, its insurer, to defend it under its insurance policy, State Auto refused, citing a
"pollution-exclusion clause" in the policy.  Id. at 132.  State Auto then filed an action for
declaratory judgment in federal court, while E&J filed an action for declaratory judgment in state

suggested three non-exhaustive factors that district courts should consider in deciding whether to hear declaratory judgment actions involving insurance coverage issues:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and

3. Avoidance of duplicative litigation.

Summy, 234 F.3d at 134. The Insurance Defendants here argue that this Court is bound to follow the court of appeals' decision in Summy to dismiss this action in order to prompt Continental to initiate a new, separate action in state court.

Recently, another court in this district considered this precise issue in an insurance coverage-related declaratory judgment action in which Century Indemnity Co. was a defendant. See Allstate Ins. Co. v. Century Indemnity Co., No. 06-4374, 2007 U.S. Dist. LEXIS 39370 (E.D. Pa. May 30, 2007) (Rufe, J.). In that case, Century raised the same argument that it and the other Insurance Defendants have presented here, arguing that the court should decline to exercise

---

court. Id. The district court refused to dismiss the federal action, and eventually granted summary judgment in favor of State Auto. The Third Circuit Court of Appeals vacated the judgment and directed that the complaint be dismissed, finding that the district court should have declined to exercise jurisdiction. Id. at 131, 136. The court of appeals found that the district court's decision to retain the case was an abuse of discretion because (1) an identical declaratory judgment action and the underlying tort action were both pending in state court, (2) the action filed in federal court did not present any issues of federal law, and (3) "no federal interests were promoted" by deciding the case in federal court. Id. at 136. The court of appeals noted that the child's personal injury action and E&J Rental's declaratory judgment action were both pending in state court before the same judge, "who was presumably already familiar with the insurance policy and with the scientific evidence available on lead paint poisoning." Id. at 135. Therefore, had the matter proceeded in state court, the state court could have developed a coordinated discovery and briefing schedule that would have promoted the efficient resolution of both actions, "thereby conserving judicial resources as well as those of the parties." Id. at 136.

its discretionary jurisdiction.  That case, like the instant action, involved a dispute between insurance companies related to contested coverage of asbestos-related claims.  In addition, as here, there was no parallel action pending in state court.

In Allstate, the court found that the considerations discussed in Summy were not present, and denied Century's motion to dismiss.  Allstate, 2007 U.S. Dist. LEXIS 39370, at *7.  The court held that "without a showing that the applicable area of state law is unsettled, and in the absence of a parallel state-court proceeding, this Court finds that the instant action does not fall within the ambit of Summy."  Id.  The court concluded that dismissing the action in its current posture would be inconsistent with the interests of "practicality and wise judicial administration." Id. at *8 (citing Wilton, 515 U.S. at 288).

This Court agrees with our sister court's Allstate decision, and similarly finds that the considerations discussed in Summy are not present here.  The Court will not gainsay Continental's proper invocation of diversity jurisdiction to adjudicate the coverage dispute and the additional claims for contribution and indemnification.  Accordingly, the Insurance Defendants' respective motions to dismiss will be denied.

In this case, none of the parties dispute that the legal issues presented are well-settled areas of Pennsylvania law, which this Court is perfectly capable of applying.  Id. at *7.  In contrast, Summy, of course, involved an unresolved question of Pennsylvania law that had been litigated in both state and federal courts with varying results.  See generally Summy, 234 F.3d at 132-33, 133 n.2.[3]  In addition, here there is no "parallel" action pending in state court, so there is

---

[3]  In Summy, the court of appeals noted that there were two state trial court decisions, but no appellate cases, addressing the issue at hand.  Summy, 234 F.3d at 136.  In addition, the court cited three cases from this district which held that pollution exclusions applied to preclude

no concern that the parties' or the Court's resources will be redundant or unnecessarily

duplicative.  Thus, dismissing this action which is already well under way at this stage simply

would not further the interests of comity or judicial economy.[4]

An appropriate Order follows.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

insurance coverage, id. at 133 n.2, and another case from the Western District of Pennsylvania
that held that the pollution exclusion was ambiguous and that the insurer was obligated to defend
and indemnify the insured, id.  In light of the unsettled and conflicting law at issue, the court of
appeals held that entertainment of a federal declaratory judgment suit under such circumstances
would constitute "gratuitous interference" with state court litigation.  Id. at 136.

[4] The Court acknowledges the court of appeals' dicta in Summy, admonishing litigants
from resorting to federal court when state law is firmly established, see 234 F.3d at 136 ("When
state law is firmly established, there would seem to be even less reason for the parties to resort to
the federal courts."), and noting that "the desire of insurance companies and their insureds to
receive declarations in federal court on matters of purely state law has no special call on the
federal forum."  Id.  However, in Summy, "overriding considerations [came] into play," which,
under the circumstances presented, should have caused the federal court to yield to
"considerations of practicality and wise judicial administration."  Id. (citing Wilton, 515 U.S. at
288).  In this case, the Insurance Defendants have not identified any such "overriding" factors
that would cause the Court yield to the considerations discussed in Summy.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CONTINENTAL CASUALTY** | : | **CIVIL ACTION** |
| **COMPANY,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PEERLESS INDUSTRIES INC., et al.,** | : | |
| **Defendants** | : | **No. 06-4621** |

**O R D E R**

**AND NOW**, this 11th day of July, 2007, upon consideration of Century's Motion to Dismiss (Docket No. 16), joined by Fireman's Fund (Docket No. 17), Continental's and Peerless's Responses thereto (Docket Nos. 20-21, 23), the defendants' reply briefs (Docket Nos. 29-30), and Continental's surreply brief (Docket No. 31), it is **ORDERED** that:

1.    The Motions to Dismiss filed by Century and Fireman's Fund's, respectively (Docket No. 16, 17), are **DENIED**; and

2.    The defendants who have not answered the Complaint shall file and serve an answer within 20 days of the date of this Order.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE