IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONTINENTAL CASUALTY CO.,** : | |
| : | |
| **Plaintiff,** : | |
| vs. : | CIVIL NO. 06-4621 |
| : | |
| **PEERLESS INDUSTRIES INC., et al.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OPINION AND ORDER**

**Rufe, J.**                                                                                              **August 29, 2008**

      This is an action seeking declaratory judgment of the rights and obligations of numerous insurance companies (Defendants) relating to their coverage of Defendant Peerless Industries, Inc ("Peerless"). Plaintiff Continental Casualty Company also seeks contribution and indemnity from all Defendants other than Peerless for its defense and indemnification of underlying insurance claims made by individual litigants against Peerless, as well as a declaration that it is no longer obligated to Peerless.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      The underlying claims for which Plaintiff seeks contribution and indemnification arose out of personal injury complaints made by numerous individuals against Peerless, a heating company, as a result of exposure to asbestos contained in Peerless- produced boilers. Plaintiff was Peerless' primary insurer, and provided defense and indemnity to Peerless in the litigation of these personal injury actions. Plaintiff claims that its primary policy limits have been exhausted, and seeks a declaration that it is no longer obligated to provide defense and indemnification to Peerless.

Plaintiff contends that Defendants California Union (now Century Indemnity Company ("Century")), International Insurance Company (now TIG Insurance Company), and Adriatic Insurance Company (now Fireman's Fund Insurance Company) (collectively "the Other Insurers"), have all issued policies to Peerless, but that they have refused to provide coverage for the asbestos-related claims.  Continental brought this action to declare the rights and obligations of the Other Insurers to provide a defense and/or indemnity in connection with the claims brought against Peerless.  Peerless has also cross-claimed against all Other Insurers.

Defendants Century and TIG now seek to add additional third party defendant insurance companies that allegedly issued policies to Peerless during the applicable time period.  They also filed a motion to compel certain documents from Plaintiff regarding the previous claims resolved with Peerless.  Defendant Fireman's Fund Insurance Companies does not join in these motions.  Plaintiff has also filed a Motion to Compel, seeking documents relating to successor liability of Defendants' predecessors.

**II. DISCUSSION**

This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy is greater than $75,000.

**A. Motion to Compel**

Defendants' Motion to Compel can be divided into three categories: (1) documents showing exhaustion of Plaintiff's primary insurance policy limits; (2) documents relating to the settlement agreement previously reached between Peerless and Plaintiff and (3) all of the policies

issued to Peerless by Plaintiff.

### 1. Exhaustion Documents

Defendants argue that they are entitled to documents showing exhaustion of Plaintiff's policy limits. Defendants issued umbrella policies to Peerless, which provide that they have no duty to defend or indemnify until the underlying primary policy is exhausted. They request documentation in three forms to determine exhaustion: (1) detailed loss runs listing payments made by Plaintiff, each underlying action not settled without litigation, and the amounts paid to each individual litigant; (2) documentation reflecting the allocation of payment to its policy; and (3) the underlying claims files.

Plaintiff objects to the production of these documents, arguing that: (1) it has already provided loss runs showing date of loss, individual litigants, the claim number, the amount paid for Peerless' defense, and the indemnity payments made; (2) the scope of the request is too broad, because this litigation dates back over twenty years, involves over 40,000 cases nationwide, and contains files located in over 35 states; (3) any information not contained in the loss runs is irrelevant; and (4) the underlying claims files are protected by the attorney-client privilege or the work-product privilege.

The Federal Rules of Civil Procedure construe discovery broadly. Rule 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." While courts are provided wide discretion to craft discovery orders, "if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or . . . the

burden or expense of the proposed discovery outweighs its likely benefit," courts may limit the scope of discovery.[1]

The interpretation of an insurance policy is a question of state contract law for the court.[2] In Pennsylvania, the duty to defend and to indemnify both flow from a review of the underlying complaint.[3] Cases in Pennsylvania and in the Third Circuit refer to this as "triggering" the insurance coverage, and require a review of not only "the particular cause of action pleaded," but also "a look at the factual allegations contained in the complaint."[4]

Pennsylvania law also distinguishes between the duty to defend, which is broad, and the duty to indemnify, which is more narrow.[5] To trigger a duty to indemnify, the insured (Peerless here) must be held liable for a claim actually covered by the insurance policy.[6] Thus, to determine whether Defendants must indemnify Peerless, the Court must eventually determine whether the facts of the underlying complaint show that the individual litigants claims were covered by Defendants' policies.

The Court agrees with Defendants that a review of the underlying claims actions is

---

[1] F.R.C.P. 26(b)(2).

[2] Reliance Insurance Co. v. Moessner, 121 F.3d 895, 900 (3d Cir.1997); Standard Venetian Blind Co. v. American Empire Insurance Co., 469 A.2d 563, 566 (1983). Choice of law is not an issue in this Motion, as the Court has already deemed Pennsylvania law controlling for this diversity action in its Order of July 11, 2007 [Doc. No. 42].

[3] General Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997); USX Corp. V. Adriatic Ins. Co., 99 F.Supp.2d 593, 611 (W.D. Pa. 2000).

[4] C.H. Heist Caribe Corp. v. Am. Home Assur., 640 F.2d 479, 483 (3d Cir. 1981); Mutual Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999).

[5] Frog, Switch & Manufacturing Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999); Erie Ins. Exch. v. Claypoole, 673 A.2d 348, 355 (Pa. Super. 1996).

[6] Allen, 692 A.2d at 1095.

necessary to trigger Defendants' duties to defend and indemnify.  However, Defendants' request for Plaintiff's complete files is overly broad.  Defendants' first request, for more complete loss runs, is granted.  Defendants' second request, for allocation of payments to the policies they fell under, is granted.  Defendants third request, for the complete files of Plaintiff's 40,000 underlying asbestos cases is denied in part.  Plaintiff shall produce the complaints from each case for which it now seeks indemnification from Defendants, as these underlying facts may or may not result in the trigger of coverage.

### 2. The Settlement Agreement

Defendants request that Plaintiff produce the settlement agreement reached between Plaintiff and Peerless, as well as any settlement documents and correspondence.  Plaintiff objects to the production of this agreement, as it is confidential and would lead to a breach in the agreement.

Courts in the Eastern District of Pennsylvania have held that settlement agreements are discoverable, if relevant.[7]  Settlement negotiations are also not barred from discovery, as there is nothing in Federal Rule of Evidence 408 preventing their production during the broad discovery stage of trial.[8]

We find that the settlement agreements reached between the Plaintiff and Peerless are relevant, or may lead to potentially relevant evidence in this matter.  Just as Defendants are entitled to review the underlying facts and outcomes of the cases that were actually litigated, they

---

[7] See, e.g., Fidelity Federal Sav. & Loan Assn. v. Felicetti, 148 F.R.D. 532, 534 (E.D. Pa. 1993).

[8] Id.

are entitled to a review of those that settled, at this stage of the proceedings. In addition, an Order was issued in this matter on January 25, 2008, requiring Plaintiff to produce the settlement agreement for an <u>in</u> <u>camera</u> review.[9] The Court then issued an Order on February 15, 2008 requiring production of the settlement agreement to counsel for Century and TIG, but marked as "For Counsels' Eyes Only."[10]

The Court has not received a request to withdraw this issue from the present pending Motion to Compel, and has no information that Plaintiff has complied with the Order of February 15, 2008. Therefore, we will grant the Motion to Compel in this respect, provided the document is marked "For Counsels' Eyes Only" and filed under seal. In addition, Defendant Fireman's Fund has requested, through the parties' latest joint status report, that it, too, be provided with a copy of the settlement agreement. Because this request has not been formally presented to the Court, we cannot grant it at this time.

### 3. The Outstanding Policies

Defendants request that Plaintiff produce certain policies that were issued to Peerless which have not yet been disclosed. Plaintiff contends that all policies issued to Peerless have already been presented to Defendants. The Court issued an order on January 25, 2008 finding this part of Defendants' Motion to Compel Moot.[11] There is no need for the Court to reconsider it at this time.

---

[9][Doc. No. 73].

[10][Doc. No. 82].

[11][Doc. No. 73].

### B. Motion to File a Third Party Complaint

Defendants' request to file a third-party complaint against seven additional insurance companies that have allegedly issued primary and excess insurance policies to Peerless, pursuant to Federal Rule of Civil Procedure 14(a).  Plaintiff argues that this Motion was filed more than six months late, is untimely, and can only be the result of intentionally dilatory and bad faith practices by Defendants.

Rule 14(a) allows Defendants to file a third-party complaint within ten days of their original answers to Plaintiff's complaint.  After ten days, Defendants may seek leave of court to do so.  Courts in the Eastern District of Pennsylvania have considered multiple factors in deciding whether to permit the filing of a late third-party complaint: (1) prejudice to the Plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead.[12]

Defendants argue that adding third-party defendant insurance companies will not confuse the issues at trial because they involve the same questions of law and the same set of underlying facts.  Defendants also contend that not permitting joinder will result in duplicative litigation, as Century and TIG would be forced to initiate separate litigation to seek indemnification from potential third-party defendants.  Defendants last argue that the delay thus far as been the result of Plaintiff's objections to discovery, and not a result of their own dilatory tactics.

Plaintiff counters that the delay caused in adjudicating its claims has resulted from defense motions filed on the eve of deadlines, or, in this instance, six months after a deadline has

---

[12] Reynolds v. Rick's Mushroom Serv. Inc., 2006 WL 1490105, *2 (E.D. Pa. May 26, 2006); Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F.Supp. 701 (E.D. Pa. 1989).

passed. Plaintiff argues that trial will be further delayed by allowing the joinder of third parties, and will lead to another extension of the discovery deadline.

We agree with Plaintiff, and find that, after the nine months between the complaint and the answers, and the six months between the answers and this Motion, too much time has already elapsed in the adjudication of Plaintiff's claims. Allowing a third-party complaint to be filed now, adding seven third-party defendants would lead to an extension of discovery, additional costs for the Plaintiff, and further delay for this Court. Defendants' motion is therefore denied as untimely.

### C. Plaintiff's Motion to Compel

Plaintiff seeks documents relating to the successor liability of California Union Insurance Company and International Insurance Company, now Defendants. This request was held in abeyance by Order of January 25, 2008, pending a stipulation of facts from the parties.[13] In the latest joint status report submitted by counsel for the parties, it was communicated to the Court that the parties continue to engage in discussions regarding this stipulation.[14] Since the Court will need to examine such stipulation of facts to adequately review the merits of this Motion, it is not yet ripe for consideration, and the Motion will be dismissed without prejudice.

## CONCLUSION

Based on Pennsylvania's law requiring examination of the underlying complaint in triggering insurance coverage, Defendants are entitled to a review of the complaints in all the

---

[13] [Doc. No. 73].

[14] [Doc. No. 93].

underlying cases for which Plaintiff now seeks indemnification.  In addition, Defendants are entitled to detailed loss runs, any settlement documentation between Plaintiff and Peerless, and allocation of its payments to its specific policies.  Because this case has already experienced numerous delays, Defendants' Motion for Leave to file a third party complaint is denied as untimely.  Lastly, because the parties continue to cooperate on the terms of a stipulation, Plaintiff's Motion to Compel will be dismissed without prejudice.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONTINENTAL CASUALTY CO.,** : | |
| **Plaintiff,** : | |
| vs. : | CIVIL NO. 06-4621 |
| **PEERLESS INDUSTRIES INC., et al.,** : | |
| **Defendants.** : | |

**ORDER**

**AND NOW**, this 29th day of August, 2008, upon consideration of Plaintiff's Motion to Compel [Doc. No. 66], Defendants' Motion to Compel [Docs. No. 58-63], Defendants' Motion for Leave to File a Third Party Complaint [Doc. No. 77], and the responses thereto [Docs. No. 65, 67, 83], it is hereby,

**ORDERED** that Plaintiff's Motion to Compel shall be **DISMISSED** without Prejudice;

**ORDERED** that Defendants' Motion to Compel is **GRANTED** in part and **DENIED** in part. Plaintiff shall produce the complaints from any underlying case for which it now seeks defense and/or indemnity from Defendants. Plaintiff shall produce detailed loss runs, including payments made by Plaintiff to Peerless, each underlying action not settled without litigation, and the amounts paid to each individual litigant. Plaintiff shall also produce the settlement agreements and any documents relating to settlement between it and Peerless to Defendants Century and TIG, marked "For Counsels' Eyes Only." Plaintiff shall produce documentation reflecting the allocation of each payment made to Peerless to the policy under

10

which it was made.

        **ORDERED** that Defendants' Motion for Leave to File a Third Party Complaint is **DENIED**.

        **BY THE COURT:**
        /s/ Cynthia M. Rufe

        _____
        **CYNTHIA M. RUFE, J.**